Turley, J.
delivered the opinion of the court.
In this case, the prisoner was convicted of the crime of arson in the Circuit Court of Overton county, upon circumstantial proof. Upon her trial, she proposed to prove that one John Richards had threatened to burn the mill (for the burning of which she was indicted) and that he *245 was in the neighborhood the night it was burned. To the reception of this testimony, the Attorney General objected, and the objection was sustained by the court and the testimony excluded. To which there is an exception on the part of the prisoner.
We think the testimony offered was legitimate proof and ought to have been heard by the jury. Surely it was a legitimate defence for the prisoner to shew that another and not herself perpetrated the crime with which she was accused, and any proof would be legitimate to establish this fact, which would have been legal against the individual upon whom it is attempted to place it, if he had been upon trial therefor.
It will not be controverted that if John Richards had been upon trial for burning the mill, that proof that he had threatened to do so, and that he was in the neighborhood the night it was burned, would be legal proof of his guilt to be submitted to the jury. ' So it was, when offered in defence of the prisoner, and this the more especially inasmuch as the proof against her consisted of statements said to have been made by her at different times, that the mill would never do its owner much good, and that he need not be surprised some day to find it burned.
The judgment of the Circuit Court will be reversed, and the case will be remanded for a new trial.